UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 23-cv-21760-GAYLES

NEUROMD MEDICAL
TECHNOLOGIES, LLC

    Plaintiff.

v.

AMAZON.COM, INC.

    Defendant.
_____/

**PLAINTIFF, NEUROMD TECHNOLOGIES, LLC'S MOTION TO COMPEL DEPOSITION OF THE CORPORATE REPRESENTATIVE OF AMAZON.COM**

Plaintiff, NEUROMD TECHNOLOGIES LLC ("NeuroMD"), through its undersigned counsel, pursuant to Federal Rule of Civil Procedure 37(a)(1) and (3)(B)(ii), Local Rule 7.1, and The Honorable Lauren Louis's Discovery Procedures, hereby files this Motion to Compel the deposition of the Corporate Representative of Amazon.com ("Amazon"), and in support thereof, states:

**I.  Factual and Procedural Background**

On May 11, 2023, NeuroMD sued Amazon.com for Trademark Infringement, Unfair Trade Practices, and Unjust Enrichment because Amazon used NeuroMD's trademark "NeuroMD" in commerce. [ECF No. 1]. Discovery is set to expire on February 15, 2024. [ECF No. 27]. On August 30, 2023, NeuroMD propounded a request for production and interrogatories upon Amazon. [ECF No. 51-2-51-5]. Amazon refused to produce the documents or answer the interrogatories until a Confidentiality Order concerning discovery was entered into. NeuroMD agreed to the Confidentiality Order but documents were not produced until December 2023.

NeuroMD sought to take Amazon's 30(b)(6) deposition after receipt of the documents and interrogatory answers. On November 17, 2023, Undersigned counsel requested Amazon's corporate representative deposition, and described with reasonable particularity the matters for examination. See email attached as Exhibit 1. Amazon commenced producing documents on December 7, 2023. Again, on January 9, 2024, Undersigned counsel requested Amazon's deposition. See email attached as Exhibit 2. On January 10, 2024, Undersigned counsel provided Amazon's counsel with additional areas for the deposition. See email attached as Exhibit 3. On January 12, 2024, Undersigned counsel asked again for dates for Amazon's deposition, and engaged in a telephone conversation with opposing counsel. See email attached as Exhibit 4. On January 16, 2024, Undersigned counsel reached out one last time to obtain deposition dates. See email attached as Exhibit 5. To date, Amazon has failed to provide NeuroMD a single date its corporate representative(s) is available for deposition or identify the person who will testify on its behalf.[1]

**II.      Argument.**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Rule 30(b)(6), Fed. R. Civ. P., provides that a party may name in its subpoena "a public or private corporation[] . . . or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf[.]" Fed. R. Civ. P. 30(b)(6). If the organization fails to make a

---

[1] Interestingly, Amazon has also failed to agree upon a date for mediation. The parties agreed upon a mediator who has provided dates, but Amazon has not provided a single date it will agree to mediation.

designation as required by Rule 30(b)(6), a party may move for an order compelling designation. Fed. R. Civ. P. 37(a)(3)(B)(ii).

Since the outset of this litigation, Amazon has thwarted NeuroMD's efforts at discovery. Amazon raised baseless objections to the written discovery requests and failed to designate a corporate representative for deposition or provide a date. Undersigned counsel has been patient with Amazon relating to the discovery, but NeuroMD cannot wait or delay the discovery any longer. NeuroMD needs to conduct Amazon's deposition to prepare for trial and mediation in this action. Amazon is not cooperating with NeuroMD's requests.

Because NeuroMD has described with reasonable particularity the matters for examination, and requested dates, and Amazon has failed to provide a single date for deposition or designate any corporate representative, NeuroMD respectfully requests that the Court enter an order compelling Amazon to (1) designate one or more representatives, (2) provide a date certain for the deposition within two (2) days, (3) order Amazon's representative to appear for deposition within ten (10) days, and (3) pay NeuroMD's attorney's fees pursuant to Rule 37(a)(5)(A).

### CERTIFICATE OF CONFERRAL

Undersigned counsel has conferred with Joseph Gratz, Esquire and opposing counsel to resolve the issues raised in this motion. Undersigned counsel had a telephone conversation with Mr. Gratz on January 12, 2024 at 1:18 p.m. and 1:27 p.m. and emailed opposing counsel on several occasions including January 9, 12, and 16 requesting dates. Undersigned counsel was unable to resolve the matter.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the reply was served via the CM/ECF system this 18th day of January 2024.

> Respectfully submitted,
> SOLNICK LAW P.A.
> Attorney for Plaintiff
> 3363 NE 163rd Street
> Suite 801
> North Miami Beach, FL 33160
> Tel: 786-629-6530
>
> Email: pete@solnicklaw.com
>
> By: /s/ Peter J. Solnick
>     Peter J. Solnick, Esq.
>     Fla. Bar. 670006