**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

NEUROMD MEDICAL
TECHNOLOGIES, LLC,

        Plaintiff,

    v.

AMAZON.COM, INC.,

        Defendant.

Case No. 1:23-cv-21760-DPG (GAYLES)

**DEFENDANT AMAZON.COM, INC.'S MEMORANDUM OF LAW IN SUPPORT
OF ITS OPPOSITION TO NEUROMD'S MOTION TO COMPEL DEPOSITION OF
<u>CORPORATE REPRESENTATIVE</u>**

## I. INTRODUCTION

NeuroMD's motion to compel Amazon's 30(b)(6) deposition not only misrepresents the record, but also wastes both this Court's and Amazon's time. Not only did NeuroMD fail to meet and confer before filing, but the motion ignores that:

(1) NeuroMD has never served a 30(b)(6) notice on Amazon.

(2) In November of last year, NeuroMD sent a proposed list of deposition topics in an email. In December, Amazon provided NeuroMD with proposed dates for a 30(b)(6) deposition on those topics. It told NeuroMD that it could make its 30(b)(6) witness available the week of January 15, 2024. NeuroMD never responded to Amazon's proposed dates.

(3) Instead, NeuroMD simply reiterated its request for dates on January 9 (by which time Amazon's originally proposed dates were no longer feasible) and identified in an email (not a formal deposition notice) revised proposed 30(b)(6) topics on January 10.

(4) Amazon told NeuroMD that it would provide a new date for its 30(b)(6) witness by no later than January 18, 2024, which was only 5 business days from the time that NeuroMD had served its revised topics. Amazon subsequently complied with its promise, and has proposed February 13, 2024 for its 30(b)(6) deposition.

Not only does NeuroMD's motion fail to provide the Court with all necessary facts, but it affirmatively misrepresents them. NeuroMD claims that Amazon "has failed to provide NeuroMD a single date its corporate representative(s) is available for deposition," despite the fact that Amazon *in December* had proposed dates. Indeed, NeuroMD even went so far as to *entirely omit* Amazon's email confirming that it would provide NeuroMD with a new date for the 30(b)(6) deposition by no later than January 18, 2025 from the email correspondence that it has submitted to this Court as the supposed history of the Parties' discussions.

1

In sum, this Motion was unnecessary when filed, and is now moot. It has required Amazon to expend resources to submit this opposition instead of working to complete discovery, as it always has intended to do. Amazon therefore respectfully requests that the Court deny the motion in full and grant all appropriate fees and costs to Amazon under Fed. R. Civ. P. 37(a)(5)(B).

## II.   FACTUAL BACKGROUND

NeuroMD initiated this lawsuit on May 10, 2023 (amended on May 12, 2023), alleging trademark infringement, unfair competition based on false representation under the Lanham Act, and violation of Florida's Deceptive Unfair Trade Practices Act. (Dkt. No. 6.) NeuroMD further filed a motion for entry of a preliminary injunction, alleging that Amazon had improperly used the terms "NeuroMD" and "neuromed" in keyword advertisements, organic search results, and post-domain URLs shown on non-Amazon third party search engines. (*See* Dkt. Nos. 25, 30, 33, 34-36, 47.) The Court vacated the preliminary injunction hearing on January 8, 2024. (Dkt. No. 62.)

Amazon has consistently complied with its discovery obligations, including obligations related to deposition scheduling. Indeed, the factual background of the Motion is rife with material inaccuracies that NeuroMD does not even attempt to support with evidence (because it cannot).[1] Rather than address them all, Amazon focuses on the facts relevant to this Motion.

On November 17, 2023, NeuroMD provided a number of proposed topics for a Fed. R.

---

[1] For example, NeuroMD states in its Motion that "Amazon refused to produce the documents or answer the interrogatories until a Confidentiality Order concerning discovery was entered into." (Dkt. No. 69 at 1). But the record reflects that Amazon has in fact produced documents and provided multiple sets of Interrogatory responses while the formal entry of a protective order remains pending. (*See, e.g.*, Amazon's Opposition to NeuroMD's Motion to Compel Discovery Responses (Dkt. No. 63).)

2

Civ. P. 30(b)(6) deposition of Amazon. (Exhibit 1 (Declaration of Joseph Gratz in Support of Amazon's Opposition to Motion to Compel) at Exhibit A.) NeuroMD did not serve a formal notice of deposition at that time. On December 6, 2023, Amazon served a Rule 30(b)(6) Notice of Deposition of NeuroMD, as well as a notice seeking the personal deposition of the managing member of NeuroMD, Anthony Rumbello. (Exhibit 1 at Exhibit B.) In the email serving the deposition notices, Amazon's counsel stated ***"Amazon's 30(b)(6) witness is available the week of January 15, 2024."*** (*Id.*) Amazon's counsel followed up on December 13, 2023, and reiterated that Amazon had provided its dates for a 30(b)(6) deposition. (*Id.*) NeuroMD did not confirm whether it agreed to the offered dates. (*Id.*)

Weeks later, on January 9, 2024, NeuroMD's counsel again raised the possibility of a deposition of Amazon during a thread concerning mediation scheduling. (Exhibit 1 at Exhibit C.) On January 10, 2024, NeuroMD, for the first time since the parties' December correspondence, asked for dates for its 30(b)(6) deposition of Amazon. (Exhibit 1 at Exhibit D.) NeuroMD also provided a new set of deposition topics, which differed from those offered on November 16, 2023. (*Id.*) NeuroMD still did not serve a deposition notice with these new topics. (*Id.*) NeuroMD and Amazon's counsel spoke on January 12, 2024 to discuss deposition scheduling, and during that conversation, Amazon confirmed it would provide dates the following week. (Exhibit 1 at ¶ 11.) At no point during that telephone conversation did NeuroMD's counsel suggest it wanted deposition dates scheduled by a particular time; nor did NeuroMD's counsel state he planned to file a motion to compel. (*Id.*)

After the phone call, NeuroMD's counsel requested dates by Monday (a federal holiday), at 6:00 PM EST the Friday before the holiday. (Exhibit 1 at Exhibit E.) Two business days after providing new deposition topics, on January 16, 2024, NeuroMD's counsel stated that he was

3

going to move to compel Amazon to provide deposition dates (which it had already promised to do). (*See* Exhibit 1 at Exhibit F.) Amazon's counsel responded that same day, and stated they expected a confirmation of dates within the next two business days. (*Id.*) NeuroMD's counsel then attached his November 17, 2023 correspondence and said he would move to compel the next day. (Exhibit 1 at Exhibit G.) Amazon's counsel then reminded him that these topics differed from NeuroMD's new topics, but regardless, dates would be confirmed the week of January 16, 2024. (*Id.*) On January 18, 2024, two business days later, Amazon provided dates for its witness's availability, as promised. (Exhibit 1 at Exhibit H.)

### III.    ARGUMENT

NeuroMD's Motion should be denied on multiple grounds, including the fact that it is procedurally deficient and that Amazon has already provided the requested relief.

***First***, the parties did not meet and confer on the issues raised in NeuroMD's Motion, and from Amazon's perspective, there is no impasse. The Court's discovery practices and procedures state that a discovery motion cannot be based solely on a conferral by email. (Judge Louis' Discovery Practices and Procedures at ¶ 8.) NeuroMD's counsel cites to a January 12, 2024 phone call in which the parties discussed scheduling, but the parties did not confer regarding any motion to compel on that call. The first time NeuroMD raised that it would move to compel Amazon to provide deposition dates by a particular time was in email correspondence provided the following week, after suggesting it late on Friday before a holiday weekend. In response, Amazon stated it was already working on confirming dates for a deposition, and that it would provide those dates the same week. (Exhibit 1 at ¶ 12, Exhibit E-G.)[2] On this basis alone,

---

[2] This tactic of citing back to phone calls where a motion was never discussed appears to be a practice of NeuroMD's, which deprives Amazon of a genuine chance to try to resolve any concerns in good faith. (*See* Amazon's Opposition to NeuroMD's Motion to Compel Discovery

4

NeuroMD's motion to compel should be denied.

***Second***, NeuroMD moves to compel a deposition that has never been properly noticed. A notice of deposition must state (1) the time and place of the deposition (Fed. R. Civ. P. 30(b)(1)) and (2) the method of recording the deposition (Fed. R. Civ. P. 30(b)(3)). Even if NeuroMD's proposed topics sent over email could be construed as a deposition "notice," that notice is insufficient because it fails to provide the required formalities of Fed. R. Civ. P. 30. Accordingly, no motion to compel can be ordered, since there exists no valid notice for which compliance may be compelled.

***Third***, any delay in deposing Amazon's 30(b)(6) witness has been caused by NeuroMD. NeuroMD claims that "Amazon has failed to provide NeuroMD a single date its corporate representative(s) is available for deposition or identify the person who will testify on its behalf." (Dkt. No. 69 at 2.) That is not correct. Amazon told NeuroMD in December that it would make its corporate representative available the week of January 15, 2024. (Exhibit 1 at Exhibit B.) NeuroMD never confirmed those dates, sent no notice for a deposition on any of those dates, and did not bother to ask about a deposition of Amazon again until January 9, 2024. (*Id.* at Exhibit C.) Because NeuroMD never confirmed the original dates, Amazon had already released the block on its witness's time for the originally proposed dates, and needed to confirm new dates for his deposition. (Exhibit 1 at ¶ 12.) Amazon also needed to confirm that its originally intended 30(b)(6) witness could speak to the new deposition topics.

Because Amazon needed to confirm these logistics, during the January 12, 2024 phone call, Amazon promised NeuroMD that it would provide dates the following week. (Exhibit 1 at ¶

---

Responses (Dkt. No. 63) (noting NeuroMD's failure to meet and confer in good faith to resolve the issues in dispute)).

11.) On January 18, three business days later, Amazon did so. (*Id*. at Exhibit H.) Accordingly, any delay was caused by NeuroMD's failure to secure the originally offered dates; Amazon promptly provided new deposition dates after it was able to identify a witness and secure his available time.

 ***Fourth***, NeuroMD attached correspondence to its Motion which omits Amazon's counsel's statements exhibiting cooperation. For example, Exhibit 5 to NeuroMD's motion omits statements from Amazon's counsel confirming that it was working to provide dates the same week the message was sent. (*Compare* Exhibit 1 at Exhibits F and G *to* Dkt. No. 69-5.) It is unclear why NeuroMD chose not to include Amazon's communications, but regardless, the full record shows that Amazon acted with diligence and good faith in responding to NeuroMD's requests. NeuroMD nevertheless filed this Motion, omitting those material facts, with every reason to expect that it would obtain deposition dates (and potentially complete its requested deposition) well before any relief would be ordered by the Court.

 ***In sum***, Amazon proposed dates for its 30(b)(6) deposition in December and, after NeuroMD failed to respond to those dates, provided new dates in response to NeuroMD's revised topics within the timeline that Amazon had promised it would provide NeuroMD with new dates. Nevertheless, NeuroMD filed a motion to compel, without meeting and conferring, and attached an incomplete record of correspondence, which it represented as accurate. As such, the motion to compel is both misleading and moot.

 Because NeuroMD's Motion entirely lacks merit and has required Amazon's counsel to expend unnecessary time and resources in preparing a response, Amazon respectfully requests the Court to award all proper fees and costs to Amazon accrued in responding to the Motion. *Liberty Surplus Ins. Corp. v. Kaufman Lynn Constr., Inc.*, No. 22-CIV-80203, 2022 WL

18910354, at *6 (S.D. Fla. Dec. 5, 2022) (finding defendant was entitled to "its reasonable expenses incurred in opposing the motion, including attorney's fees" under Fed. R. Civ. P. 37(a)(5)(B) where motion to compel was meritless and "perhaps could have been avoided completely if honest, good faith conferral had been achieved"); *see also Inversiones Y Procesadora Tropical Inprotsa, S.A. v. Del Monte Int'l GMBH*, No. 16-CV-24275, 2020 WL 13379289, at *2 (S.D. Fla. Mar. 10, 2020) (ordering responding party to submit application for expenses occurred in opposition of denied motion to compel) (Louis, M.J.).

### IV. CONCLUSION

For the foregoing reasons, Amazon respectfully requests that NeuroMD's motion to compel be denied in full and that the Court grant attorneys' fees and costs to Amazon.

Dated: January 22, 2024  /s/ *Michael J. DeStefano*

Michael J. DeStefano
Florida State Bar No. 1035231

MORRISON & FOERSTER LLP
600 Brickell Ave, Suite 1560
Miami, FL 33131
Telephone: (786) 472-6464
Facsimile: (786) 228-4869

/s/ *Allyson R. Bennett*

Allyson R. Bennett *(pro hac vice)*
abennett@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

Joseph C. Gratz *(pro hac vice)*
jgratz@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

*Attorneys for Defendant
Amazon.com, Inc.*

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on January 22, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document was served upon the following, either via transmission of Notices of Electronic Filing generated by CM/ECF or by E-mail and U.S. Mail for those counsel or parties who are not authorized to receive electronic notice on this 22nd day of January, 2024:

Peter J. Solnick
SOLNICK LAW P.A.
2262 NE 163rd Street, Suite 803
North Miami Beach, FL 33160
Email: pete@solnicklaw.com

*Counsel for Plaintiff NeuroMD Medical Technologies, LLC.*

             */s/ Michael J. DeStefano*

             Michael J. DeStefano
             *Attorney for Defendant Amazon.com, Inc.*