UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 23-cv-21760-GAYLES

NEUROMD MEDICAL
TECHNOLOGIES, LLC

    Plaintiff.

v.

AMAZON.COM, INC.

    Defendant.

_____/

**PLAINTIFF, NEUROMD TECHNOLOGIES, LLC'S MOTION TO COMPEL DEPOSITION OF THE CORPORATE REPRESENTATIVE OF GOOGLE LLC**

Plaintiff, NEUROMD TECHNOLOGIES LLC ("NeuroMD"), through its undersigned counsel, pursuant to Federal Rule of Civil Procedure 37(a)(1) and (3)(B)(ii), Local Rule 7.1, and The Honorable Lauren Louis's Discovery Procedures, hereby files this Motion to Compel the deposition of the Corporate Representative of Google LLC ("Google"), and in support thereof, states:

**I.     Factual and Procedural Background**

On May 11, 2023, NeuroMD sued Amazon.com for Trademark Infringement, Unfair Trade Practices, and Unjust Enrichment because Amazon used NeuroMD's trademark "NeuroMD" in commerce. [ECF No. 1]. Discovery is set to expire on February 15, 2024. [ECF No. 27]. On November 20, 2023, NeuroMD's undersigned counsel served a subpoena duces tecum for deposition upon the Corporate Representative of Google and Notice of Taking Deposition. A copy is attached as Exhibit 1. The subpoena was served upon the registered agent of Google. Exhibit 1 and a copy of the return of service attached as Exhibit 2. The deposition was set to take place

1

via zoom. On December 21, 2023, counsel for Google reached out to Undersigned counsel stating, "I write on behalf of Google LLC. I became aware today of a subpoena made out to the company, seeking a deposition tomorrow, December 22. For avoidance of doubt, there will not be a Google witness tomorrow. I respectfully request that the subpoena be withdrawn." A copy of the email is attached as Exhibit 3. Undersigned counsel did not agree to withdraw the subpoena, and instead, provided counsel with the zoom link. A copy of the email is attached as Exhibit 4.

Google did not move for a protective order within 14 days after service of the subpoena or raise objections. Google, however, did raise an objection in writing on December 21, 2023 but did not file it in Court. A copy is attached as Exhibit 5. Undersigned counsel has been continuously making an effort to schedule a mutually convenient date for Google's deposition to no avail. See emails attached as Exhibit 6.

## II.  Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Rule 30(b)(6), Fed. R. Civ. P., provides that a party may name in its subpoena "a public or private corporation[] . . . or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf[.]" Fed. R. Civ. P. 30(b)(6). If the organization fails to make a designation as required by Rule 30(b)(6), a party may move for an order compelling designation. Fed. R. Civ. P. 37(a)(3)(B)(ii).

Federal Rule of Civil Procedure 45(a)(2) provides that a "subpoena must issue from the court where the action is pending." Fed. R. Civ. P. 45(a)(2). A party seeking enforcement of the subpoena, however, "must file its motion to compel in 'the district where compliance is

2

required...." *In re Monat Hair Care Prod. Mktg., Sales Pracs., & Prod. Liab. Litig.*, No. 18-MD-02841, 2020 U.S. Dist. LEXIS 71617, 2020 WL 1950463, at *1 (S.D. Fla. Apr. 23, 2020) (quoting Fed. R. Civ. P. 45(d)(2)(B)(i)). Under Rule 45, for a subpoena requesting non-party production of documents or attendance at a deposition "the 'place of compliance' is 'within 100 miles of where the person resides, is employed, or regularly transacts business in person...." *Id.* (quoting Fed. R. Civ. P. 45(c)(2)(A)); *see also* Fed. R. Civ. P. 45(c)(1)(A). As to effective service, Rule 4, which governs service of summons and complaints, provides a corporation may be served through "an officer, a managing or general agent, or any other agent authorized by appointment or by law to received service of process." Fed. R. Civ. P. 4(h)(1)(B).

Rule 45 provides that a subpoenaed non-party "commanded to produce documents or tangible things" must serve any objections "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). Generally, a non-party's failure to file written objections to a subpoena within the applicable timeframe results in waiver of the right to object to enforcement of the subpoena. *See, e.g., Sun Cap. Partners, Inc. v. Twin City Fire Ins. Co.*, No. 12-CIV-81397, 2016 U.S. Dist. LEXIS 58208, 2016 WL 1658765, at *4 (S.D. Fla. Apr. 26, 2016) (noting that "[f]ailure to timely file a written objection to a subpoena will generally result in waiver of the right to object to enforcement of the subpoena"); *Whatley v. World Fuel Services Corp.*, No. 20-20993-MC, 2020 U.S. Dist. LEXIS 90776, 2020 WL 2616209, at *3 (S.D. Fla. May 22, 2020) (finding the defendant waived the right to object to the subpoena because the "failure to serve written objections to a subpoena within the time specified by Rule [45(d)(2)(B)] typically constitutes a waiver of such objection, as does failing to file a timely motion to quash").

The same is true regarding a non-party's failure to appear for deposition following proper service of a subpoena under Rule 45. *See Selinger v. Kimera Labs, Inc.*, No. 20-24267-CIV, 2021 U.S. Dist. LEXIS 249508, 2021 WL 6284604, at *1 (S.D. Fla. Dec. 6, 2021) (noting "[n]on[-]parties receiving a lawful subpoena have a duty to provide his [*11] or her testimony ... [and although a non-party] commanded to respond to subpoena may object ... [a] non-party waives any objections if [he or] she does not timely object to the subpoena"); *Rutsky v. Target Corp.*, No.12-61828-CV, 2013 U.S. Dist. LEXIS 191399, 2013 WL 12009695, at *2 (S.D. Fla. June 17, 2013) (granting motion to compel deposition where non-party had been properly served with a subpoena pursuant to Rule 45, and also warning if the non-party "fails to appear for his next deposition ... Plaintiff may seek sanctions or contempt against [the non-party] from the Court"). *See also* Fed. R. Civ. P. 45(g) ("[t]he court for the district where compliance is required ... may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it").

**III.    Argument.**

In this case, the subpoena was served on Google on December 4, 2023. Exhibits 1 and 2. The subpoena was served on Google's registered agent, Corporation Service Company, which is located at 1201 Hays Street, Tallahassee, Florida 32301. Exhibit 2. Google had until December 18, 2023 to object to or move to quash the subpoena. On December 21, 2023, Google served a written objection to NeuroMD but did not file it in Court. Google has not complied with the subpoena, or even designated a specific individual to serve as its corporate representative to be deposed. Even Google's objections were considered timely, its objections are not successful.

*First*, Google asserts that service upon Google was not completed. See Exhibit 5 p. 3. This is false. Google was served on December 4, 2023 via its registered agent in Florida.

4

*Second,* Google asserts the specified date of production is unreasonable and unduly burdensome. This boilerplate objection is unsuccessful. Google provides no reason for its objection. This court has specified ordered that a party shall not make a conclusory boilerplate objection. [ECF No. 28, ¶ 1(a)]. It is also well settled law that "To assert an undue-burden objection, a party must explain specifically how the proposed discovery is unduly burdensome. *Bank of Mong. v. M & P Global Fin. Servs., Inc.*, 258 F.R.D. 514, 519 (S.D. Fla. 2009). Also, "claims of undue burden should be supported by a statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome." *Id.* (citation omitted).

*Third*, Google claims that the date was unilaterally selected. This objection is meritless. As this court already held, "it is not a requirement to obtain the defending party's agreement on a date before noticing a deposition." [ECF No. 72]. Moreover, Undersigned counsel was unaware of the identity of the person who represented Google, therefore, it was unable to coordinate.

*Fourth,* Google contends the subpoena was vastly overbroad in time and scope, and that the documents are in Amazon's possession. Again, Google fails to provide any level of specificity for its objection. *Bank of Mong* supra.

*Fifth,* Google claims the documents or information are not proportionate to the needs of the case, and not relevant to the claims. Google fails to provide any basis for this defense. *Bank of Mong* supra. In any event, the documents requested are clearly relevant to the claims that Amazon committed trademark infringement as it relates to Amazon's purchase of keyword(s) using NeuroMD's trademark, and to defeat Amazon's contention that Google is responsible for the organic searches.

*Sixth*, Google asserts that the documents are duplicative. Again, Google fails to provide any basis for this defense. *Bank of Mong* supra. In any event, Google's claims are incorrect. Numbers 2, 3, and 4 and 7, 8, 9, and 10 are slightly different.

*Seventh,* Google claims the documents are protected by a privilege, but it failed to provide a privilege log.

*Eighth,* Google claims the definitions are vague and overbroad but does not provide any explanation. In any event, the terms document and relating to are clearly defined.

    a.    **Google's objection(s) to the document request(s) should be overruled.**

As to the specific objections lodged by Google relating to the production, Google contends number one (1) is unduly burdensome, overbroad, undue burden, already in Amazon's possession, and the documents are not proportionate to the needs of this case. Again, these objections are boilerplate and conclusory, and are therefore insufficient. [ECF No. 28, ¶ 1(a)]. Contrary to Google's suggestion, NeuroMD is not requesting from Google cumulative discovery. In fact, NeuroMD did not request any communications from Amazon, and Amazon did not produce any communications with Google. Additionally, NeuroMD has received a limited number of documents from Amazon relating to the amount of money Amazon spent using NeuroMD's trademark. Amazon has produced only one excel spreadsheet showing the amount of money it spent bidding on the term NeuroMD or some derivative of it. NeuroMD questions the veracity or accuracy of this document, and thus, is asking Google to provide accurate information.

Each of Google's objections are conclusory and boilerplate. Google has not provided any support for its objection(s) and failed to provide a privilege log. The contention that the request is not limited in scope is meritless since Amazon has only been using NeuroMD's mark since 2020.

Accordingly, Google should be required to produce these documents at its corporate representative's deposition.

**b.      Google's objections to the topics should also be overruled.**

Google also contends that NeuroMD's topics are objectionable. Again, Google's objections are conclusory and boilerplate, and is therefore, unsuccessful. Google's contention that the topics 1 and 2 are not limited or discernible in scope is not valid since Amazon has only been using NeuroMD's mark since 2020. The contention that the topic is vague and ambiguous is equally deficient since the term advertising campaign is quite clear. It is disingenuous for Google to claim that it does not understand the phrase each advertising campaign given that it is arguably the largest internet advertising platform in the world.

Moreover, contrary to Google's objection, NeuroMD is not seeking information that it could obtain from Amazon. In fact, Amazon's counsel has blamed Google for NeuroMD appearing in organic search results associated with Amazon, and claimed that Google "crawled" Amazon's webpages to form the Google search whereby the phrase "Neuromd for Back Pain Device" appeared in Google's Search Engine Results Page. NeuroMD seeks to conduct Google's deposition for the purpose of defeating this argument.

As to topics 2 and 3, Google's objections are again conclusory and boilerplate. Again, Google's objections are conclusory and boilerplate, and is therefore, unsuccessful. Google's contention that the topics 2 and 3 are not limited or discernible in scope is not valid since Amazon has only been using NeuroMD's mark since 2020. The contention that the topic is vague and ambiguous is equally deficient since the term "dollar amount Amazon.com bid on the keywords" and paid Google are clear. Google cannot in good faith argue that it does not understand the term dollar or the term bid, since it is the business of selling keyword advertisements to companies.

7

As to topic 5, Google's objection is also deficient. While Undersigned counsel did make a scrivener's error when it stated, "a copy of the paid or sponsored advertisements," Google knows full well that NeuroMD is asking Google to produce a person who has knowledge of the paid or sponsored advertisements purchased by Amazon that included certain keywords using the term "NeuroMD." Additionally, Google's objection to the term "advertisement" is disingenuous in light of the fact that Google is arguably the largest internet advertising platform in the world. Google's contention that topic 5 is not limited or discernible in scope is not valid since Amazon has only been using NeuroMD's mark since 2020.

As to topic 7, again, Amazon has only been using NeuroMD's mark since 2020, therefore, the time is limited or discernible in scope. Moreover, Google's claim the topic "organic search results" is vague is disingenuous since it is common that Google produces organic search results on its Search Engine Result Pages using algorithms. NeuroMD also requires the deposition of Google because Amazon's counsel has blamed Google for NeuroMD appearing in organic search results associated with Amazon, and claimed that Google "crawled" Amazon's webpages to form the Google search whereby the phrase "Neuromd for Back Pain Device" appeared in Google's Search Engine Results Page. NeuroMD seeks to conduct Google's deposition for the purpose of defeating the argument that Google is to blame for NeuroMD appearing in connection with Amazon on a Search Engine Results Page.

As to topic number 8, Amazon has only been using NeuroMD's mark since 2020, therefore, the time is not limited or discernible in scope. Moreover, Google's claim the topic "organic search results" is vague is disingenuous since it is common that Google produces organic search results on its Search Engine Result Pages using algorithms. NeuroMD also requires the deposition of Google because Amazon's counsel has blamed Google for NeuroMD appearing in organic search

results associated with Amazon, and claimed that Google "crawled" Amazon's webpages to form the Google search whereby the phrase "Neuromd for Back Pain Device" appeared in Google's Search Engine Results Page. Based upon Amazon's contention that it is not responsible for the organic search results involving NeuroMD, a deposition of the representative is necessary. Given Amazon takes the position that it is Google that is the cause of NeuroMD appearing in the Search Results in conjunction with Amazon.com, common sense tells us that Amazon would not possess the information as to the number of impressions received from organic search of the terms NeuroMD in connection with Amazon.

Accordingly, under Rule 45(g), as well as Rule 37(a)(2), (a)(3)(B)(ii), Google should be compelled to produce the documents requested in the subpoena, as well as designate a corporate representative to be deposed.

## CERTIFICATE OF CONFERRAL

Undersigned counsel has conferred with Benjamin Margo Esquire and opposing counsel to resolve the issues raised in this motion. Undersigned counsel engaged in a telephone call with Mr. Margo on Wednesday January 24, 2024 at 2:00 p.m., and exchanged several email communications. The parties, however, were unable to arrive at any agreement or resolution. [1]

---

[1] Undersigned counsel did advise Google's counsel that Plaintiff would agree to narrow the areas of inquiry but still Google would not agree to be deposed.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the reply was served via the CM/ECF system this 29th day of January 2024 and

**Benjamin Margo**
**Wilson Sonsini Goodrich & Rosati**
1301 Sixth Avenue
40th Floor
New York, NY 10019-6022
bmargo@wsgr.com

                Respectfully submitted,
                SOLNICK LAW P.A.
                Attorney for Plaintiff
                3363 NE 163rd Street
                Suite 801
                North Miami Beach, FL 33160
                Tel: 786-629-6530

                Email: pete@solnicklaw.com

                By: /s/ Peter J. Solnick_____
                   Peter J. Solnick, Esq.
                   Fla. Bar. 670006